UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Andrew Porwancher, *Plaintiff*, v. National Endowment for the Humanities, et al., *Defendants*. | Case No. 1:25-cv-01180-CJN |

### PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to Local Civil Rule 65.1(c), Plaintiff Andrew Porwancher hereby moves for a preliminary injunction (1) prohibiting Defendants, their officers, employees, and agents from reallocating funds obligated to Plaintiff to other recipients, (2) enjoining Defendants, their officers, employees, and agents from enforcing and giving effect to the Termination Notice sent to Plaintiff and (3) requiring Defendants, their officers, employees, and agents to reinstate Plaintiff's award. Plaintiff requests that the Court issue the order before August 1, 2025, the date on which Plaintiff's performance period begins.[1] Plaintiff further requests that the Court order Defendants to file a status report within twenty-four hours of the issuance of any preliminary injunction, and at regular intervals thereafter, confirming compliance with the order.

---

[1] Relief by August 1, 2025 will ensure that Plaintiff's various irreparable harms will be avoided, including the inability to take leave from his university this fall semester, the lost professional opportunities that will result from the delay of his grant and book project, the inability to plan his coming academic year and the related loss of his two "course releases" to satisfy his teaching obligations this fall, and the reputational harms to his forthcoming Fulbright application, due on September 15, 2025. *See* Mem. of Law in Supp. of Pl.'s Mot. for a Prelim. Inj. Part II (summarizing irreparable harms).

Plaintiff bases this motion on Federal Rule of Civil Procedure 65, the attached Memorandum of Law, the exhibits in support of the memorandum, and the Proposed Order. As set forth in more detail in the accompanying memorandum, Defendants' actions violate the Due Process and Spending Clauses of the U.S. Constitution. They also violate the Administrative Procedure Act because they are arbitrary, capricious, and contrary to regulations adopted by the National Endowment for the Humanities. Finally, the termination of Plaintiff's grant was *ultra vires*. Plaintiff is already suffering and will continue to suffer irreparable injury if this Court does not preliminarily enjoin Defendants' termination of Plaintiff's grant.

Pursuant to Local Civil Rule 7(m), on May 1, 2025, Plaintiff emailed the three Assistant Directors for the Federal Programs Branch of the Department of Justice to provide notice that he would file a motion for a preliminary injunction.[2] On May 2, 2025, Department of Justice attorney John Griffiths replied, indicating that Defendants would oppose the motion. At 9:00 am EST on June 2, 2025, Plaintiff replied to Mr. Griffiths email, notifying Defendants that Plaintiff would file this motion later in the day and would indicate that it is opposed. Immediately prior to making this application to the Court, Plaintiff emailed electronic copies of the First Amended Complaint, the motion for a preliminary injunction, the accompanying brief, declaration, exhibits, and proposed order before filing those papers with the Clerk via email.[3]

---

[2] Plaintiff emailed these attorneys because counsel for Defendants have not yet appeared in the case.
[3] Plaintiff's Motion For a CM/ECF Username and Password, ECF No. 2, is pending.

Dated: June 2, 2025 			Respectfully submitted,

*Andrew Porwancher*

Professor Andrew Porwancher
SCETL–ASU
P.O. Box 870602
Tempe, Arizona 85287–0602
(602) 726-2110
porwancher@asu.edu

*Plaintiff*

3