UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW PORWANCHER, *Plaintiff* v. NATIONAL ENDOWMENT FOR THE HUMANITIES, et. al, *Defendants*. | Civil Action No. 1: 25-cv-1180 (CJN) |

## ORDER

On July 25, 2025, the Court issued a Memorandum Opinion and Order granting Plaintiff Andrew Porwancher's Motion for Preliminary Injunction for two primary reasons: That Porwancher was likely to prove that the National Endowment for the Humanities (NEH) had failed to follow the procedures required by its own regulations in terminating his NEH grant; and, although the question was a close one, that Porwancher had demonstrated he would suffer certain irreparable harm without a preliminary injunction. Memorandum Opinion, ECF 22 at 8–9; *see also* ECF 21. The Court therefore preliminarily enjoined the NEH from "treating Plaintiff Porwancher's grant as terminated" and from taking "future actions regarding that grant unless it complies with the procedural requirements contained in 2 C.F.R. §§ 200.340(a), 200.339(c), 200.342, and 300.341." ECF 21 at 1. The Court noted that its decision was "narrow"—and that it was based on the government's" fail[ure] to follow its own procedural regulations." ECF 22 at 10. The Court expressly stated that its Order did not "prevent the government from taking further action in conformity with those regulations." *Id.*

Shortly thereafter, the NEH again notified Porwancher that it was terminating his grant. This time, the notification stated that Porwancher had until August 31, 2025, to file an administrative appeal of the termination. It also, pursuant to 2 CFR Part 200, provided Porwancher with written notification

1

stating the reason for termination, the effective date, and the portion of the award being terminated.

Porwancher has not yet lodged an administrative appeal regarding the termination. Instead, he filed here an Emergency Motion to Compel Compliance with the Court's injunction. ECF 24. Porwancher argues that the NEH's recent termination violates the Court's July 25 Order in two ways. The first is procedural. He argues the termination is not a valid exercise of 2 C.F.R. § 200.340(a)'s "Priorities Provision"—which allows terminations "to the greatest extent authorized by law, if an award no longer effectuates the program goals or agency priorities"—because it failed to provide him notice and because a grantee's failure to "effectuate[]… program goals or agency priorities" can only stem from a change in grantee behavior rather than a change in NEH priorities. ECF 24 at 13, 18. His second argument is more substantive. According to Porwancher, the termination is not a valid exercise of the Priorities Provision because Porwancher's project does in fact effectuate NEH priorities. *Id.* at 15. In these two ways, he contends, the recent termination violates the Court's July 25 Order.

The Court is not persuaded. With respect to Porwancher's procedural arguments, NEH both provided Porwancher with notice as required by the regulations (*see* 2 C.F.R. § 300.341) and with an opportunity to object (*see* 2 C.F.R. § 200.342). ECF 24-16 at 3. And because Porwancher's grant was not terminated for non-compliance, the "award will not be reported to SAM.gov under the Reporting/Qualifications (R/Q) designation, as this termination is not for material failure to comply with the terms and conditions of the award." *Id.* In these ways, the new termination is entirely consistent with the Court's Order.

But Porwancher also contends that a grantee's failure to "effectuate[]… program goals or agency priorities" can only stem from a change in the grantee's intended work rather than a change in NEH priorities. ECF 24 at 13. As an initial matter, the Court's Order did not foreclose (expressly or otherwise) the NEH from terminating Porwancher's grant unless it was based on a change in his intended work. In any event, the plain text of the regulations doesn't support Porwancher's position;

if NEH's priorities change while a grantee's project remains unchanged, it is the case that the project "no longer effectuates… agency priorities." Indeed, Porwancher's position would mean that the NEH could *never* revisit a prior grant if it considered them inconsistent with its current priorities. Perhaps not surprisingly, Porwancher points to no decision in which a court has given this regulation his proposed reading.

With respect to Porwancher's more substantive (but related) argument, nothing in the Court's Order imposed (expressly or otherwise) constraints on *why* the NEH might terminate his grant. Indeed, the Court noted that that type of claim might need to be pursued in the Court of Federal Claims. ECF 22 at 5–6 (noting that "substantive claims" would more plausibly trigger "within the four corners of Porwancher's grant," giving the Court of Federal Claims a more palpable jurisdictional hook). At the very least, nothing in the Court's prior Order precluded the NEH from deciding that his forthcoming book—an account of a "sensational" 1800's trial to determine whether diplomat Warder Cresson should be confined to amental asylum due to his conversion to Judaism—aligns with NEH's "A More Perfect Union" initiative to "help Americans better understand the world's oldest constitutional democracy and how our founding ideals are met in a pluralistic society." ECF 24 at 5.

For these reasons, Porwancher has not demonstrated the NEH is in violation of the Court's July 25 Order, and his Emergency Motion to Compel Compliance, ECF 24, is DENIED.

DATE:  August 25, 2025

_____
CARL J. NICHOLS
United States District Judge